UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
2/6/2020
JULIA C. DUDLEY, CLERK
BY: s/ C. Amos
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 3:11-cr-00007-1 |
| v. | MEMORANDUM OPINION |
| NICHOLAS GONZALES-FLORES, *Defendant.* | JUDGE NORMAN K. MOON |

Nicholas Gonzales-Flores, a federal inmate proceeding *pro se*, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, Dkt. 125, which the Government has moved to dismiss, Dkt. 186. After reviewing the record, I conclude that the Government's motion to dismiss must be granted and Gonzales-Flores's § 2255 motion must be dismissed as untimely.

## BACKGROUND

On April 13, 2011, a federal grand jury charged Nicholas Gonzales-Flores in a superseding indictment with five counts: (Count I) conspiring to knowingly and intentionally distribute and possess with intent to distribute fifty grams or more of methamphetamine, or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A) & 846; (Count II) knowingly and intentionally distributing a detectable amount of methamphetamine, or a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a) & (b)(1)(C); (Count III) knowingly and intentionally possessing with intent to distribute a detectable amount of methamphetamine, or a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a) & (b)(1)(C); (Count IV) being an alien unlawfully or illegally in the United

States and having knowingly and intentionally possessed or received a firearm or ammunition, in violation of 18 U.S.C. § 922(g)(5)(A); and (Count V) knowingly and intentionally maintaining a residence for the purpose of manufacturing, distributing, and using methamphetamine, in violation of 21 U.S.C. § 856(a)(1). Dkt. 17 at 1–3.

On June 17, 2011, a jury convicted Gonzales-Flores on all five counts in the Superseding Indictment. Dkt. 17. On September 21, 2011, I entered judgment and sentenced him to a total of 180 months' imprisonment, consisting of 180 months on each of Counts I, II, and V, 12 months on Count III, and 120 months on Count IV, to run concurrently. Dkt. 95.

On June 13, 2016, Gonzales-Flores filed this § 2255 motion, *pro se*, seeking a reduced sentence in light of the U.S. Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Pursuant to Standing Order 2015-5, Dkt. 126, the Court appointed the Federal Public Defender's Office to represent Gonzales-Flores and, if necessary, file an amended petition or provide supplemental briefing within sixty days of appointment. Dkt. 184 at 2. The sixty-day period has expired without any response from the Public Defender's Office. The Court ordered the Government to file a response to Defendant's § 2255 motion, Dkt. 185, and the Government filed a motion to dismiss, Dkt. 186. The time allotted for Gonzales-Flores to respond has expired, making this matter ripe for consideration.

## DISCUSSION

### A. Timeliness of Petition

A petition under § 2255 must adhere to strict statute of limitations requirements. A person convicted of a federal offense must file a § 2255 motion within one year of the latest date on which:

(1) the judgment of conviction becomes final;

(2) the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Gonzales-Flores did not file within one year of his final judgment, which was entered on September 21, 2011, and so his claims are untimely under § 2255(f)(1). However, he filed the motion within one year of the Supreme Court's decision in *Johnson*, which was issued on June 26, 2015. Thus his petition could still be timely under § 2255(f)(3) if, as Gonzales-Flores contends, the rule from that case applies. In *Johnson*, the Supreme Court did announce a new rule of constitutional law that applies retroactively, as required by § 2255(f)(3). *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). But, as explained below, *Johnson* and its progeny do not affect Gonzales-Flores's case, and so his motion must be dismissed as untimely.

**B.** *Johnson* **Claim**

In *Johnson*, the Supreme Court invalidated part of the definition of "violent felony" under the Armed Career Criminals Act ("ACCA"). 135 S. Ct. at 2563. The ACCA defines a "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).

In *Johnson*, the Supreme Court reviewed the second part of subsection (ii) of the violent felony definition. It concluded that the clause, known as the "residual clause," which provides, "or

otherwise involves conduct that presents a serious potential risk of physical injury to another," was unconstitutionally vague. 135 S. Ct. at 2563. Therefore, following *Johnson*, prior convictions that qualified as "violent felonies" under the residual clause can no longer serve as ACCA predicates. The Supreme Court did not, however, strike down the other portions of the violent felony definition. In *Welch v. United States*, the Supreme Court made it clear that its decision in *Johnson* announced a new rule of constitutional law that applies retroactively to cases on collateral review. 136 S. Ct. at 1268. And in *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court extended the reasoning in *Johnson* to invalidate the residual clause of 18 U.S.C. § 924(c).

But, as is clear from the Presentencing Report and Judgment, Gonzales-Flores was not sentenced under the ACCA or 18 U.S.C. § 924(c). The Judgment indicates that Gonzales-Flores was convicted and faced penalties under 21 U.S.C. § 846 (Count I), 21 U.S.C. § 841(b)(1)(C) (Count II), 21 U.S.C. § 844 (Count III), 18 U.S.C. §§ 922(g)(5)(A) & § 924(a)(2) (Count IV), and 21 U.S.C. § 856(a)(1) (Count V). Dkt. 95.

No penalties associated with the definition of a "violent felony" or "crime of violence" included under those statutes impacted his conviction or sentence in any way. *See* Dkts. 17, 94–95. Whether § 924(c) or the ACCA's definition of "crime of violence" survives constitutional muster in light of *Johnson* is wholly immaterial to Gonzales-Flores's conviction and sentence. Therefore, his reliance on *Johnson* is misplaced and his motion is untimely under § 2255(f)(3).

## CONCLUSION

For the foregoing reasons, the Court will grant the Government's motion to dismiss, Dkt. 186, Gonzales-Flores's § 2255 petition, Dkt. 125, in an accompanying Order.

The Clerk of the Court is hereby directed to send a copy of this Memorandum Opinion to Plaintiff and all counsel of record.

Entered this <u>6th</u> day of February, 2020.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE